HEALY & BAILLIE, LLP
Jeremy J. O. Harwood (JH 9012)
Jack A. Greenbaum (JG 0039)
Attorneys for Defendant
Proteinas Y Oleicos S.A. De C.V. Merida
61 Broadway
New York, NY 10006
(212) 943-3980

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HBC HAMBURG BULK CARRIERS GMBH & CO. KG,<br><br>                    Plaintiffs,<br><br>            -against-<br><br>PROTEINAS Y OLEICOS S.A. DE C.V. MERIDA,<br><br>                    Defendants. | 04 CV 6884 (NRB)<br>***ECF CASE***<br><br>**VERIFIED ANSWER** |

Defendant PROTEINAS Y OLEICOS S.A. DE C.V. ("Proteinas"), by its attorneys Healy & Baillie, LLP for its answer to the Verified Complaint of Plaintiff dated August 25, 2004 (the "Complaint") alleged upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint.

3. Admits the allegations in Paragraph 3 of the Complaint.

4.      Admits the allegations in Paragraph 4 of the Complaint except that the Charter Party is dated March 18, 2004 and

5.      Admits that the Charter Party was subject to negotiations for amendment but except as admitted denies the allegations in the first Paragraph 5 of the Complaint.[1]

6.      Admits that Proteinas "declared Voyages 1, 2, and 3 and Plaintiff HBC supplied the M/V SEA LAVENDER, M/V IRINI F and M/V ZENOVIA respectively," but otherwise denies the allegations in the second paragraph 5 of the Complaint.

7.      Denies the allegations in Paragraph 6 of the Complaint.

8.      Denies the allegations in Paragraph 7 of the Complaint.

9.      Denies the allegations in Paragraph 8 of the Complaint.

10.     Denies the allegations in Paragraph 9 of the Complaint.

11.     Denies knowledge of information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint.

12.     Denies the allegations in Paragraph 11 of the Complaint.

13.     Denies knowledge of information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

14.     Denies the allegations in Paragraph 13 of the Complaint.

15.     Denies knowledge of information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint.

16.     Denies the allegations in Paragraph 15 of the Complaint.

---

[1] There are two paragraphs listed as number "5" in the Complaint.

17. Admits that the Charter Party, at Clause 44, provides that all disputes arising under the Charter Party shall be resolved by arbitration at London according to English law and that Plaintiff has demand such arbitration but, except as admitted denies the allegations in Paragraph 16 of the Complaint.

18. Denies the allegations in Paragraph 17 of the Complaint as on Proteinas' counsel advised that it was agent for service of process and on September 23, 2004 filed a "Notice of Appearance" in this action.

19. Denies the allegations in Paragraph 18 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

21. Proteinas claims the benefit of all defenses afforded by all applicable contracts, charter parties, statutes and treaties, including 9 U.S.C. § 201 et seq. and the United States Carriage of Goods by Sea Act, 46 U.S.C.A. §§ 1300 1315 (1975) and the general maritime law of the United States, including but not limited to Proteinas' right to arbitrate all disputes with the Plaintiff in London and subject to English law pursuant to clause 44 of the Charter Party.

## THIRD AFFIRMATIVE DEFENSE

22. Any alleged loss, such loss being specifically denied, was caused by an act or omission by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to properly mitigate its alleged damages, which damages are specifically denied.

## FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff has improperly attached funds belonging to third parties.

**WHEREFORE**, Defendant Proteinas prays:

(a) That there be judgment dismissing the Plaintiff's Complaint herein and vacating the Rule B order in its entirety, and Proteinas be awarded all costs incurred in connection with this action;

(b) That, following Proteinas' motion to vacate the improper Rule B attachments, and a ruling thereon, this Court stay the action pending London arbitration;

(c) Grant such other, further or different as may be required by justice.

Dated: New York, N Y
November 9, 2004

                              Respectfully submitted,

                              HEALY & BAILLIE, LLP
                              Attorneys for PROTEINAS Y OLEICOS
                              S.A. DE C.V. MERIDA

                              By    /s/ Jeremy J. O. Harwood
                                    Jeremy J.O. Harwood (JH 9012)
                                    61 Broadway
                                    New York, NY 10006
                                    (212) 943-3980

# ATTORNEY VERIFICATION

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF NEW YORK )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1. I am a member of the law firm of Healy & Baillie, LLP, attorneys for the Defendant in this action. I have read the foregoing Verified Answer and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding the claim.

3. The reason this verification is made by an attorney and not by the Defendant is because the Defendant is a foreign entity, none of whose officers are presently within this judicial district.

                                                                                                                  _____/s/ Jeremy J.O. Harwood_____
                                                                                                                        Jeremy J.O. Harwood

Sworn to before me this
9th day of November, 2004


_____/s/ Brian Tretter_____
        Notary Public