# EXHIBIT 5

# HEALY & BAILLIE, LLP
### 61 BROADWAY
### NEW YORK, NY 10006-2834
### Telephone (212) 943-3980
### Fax (212) 425-0131
### www.healy.com

Jeremy J.O. Harwood  
jharwood@healy.com

Direct Dial (212) 709-9202  
Direct Fax (212) 487-0302

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential and is intended only for the use of the individual named below and others who have been specifically authorized to receive it. Additionally, if you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: (212) 943-3980.

October 19, 2004

| | | |
|---|---|---|
| To: | Company/Name | Fax#/City/State/Country |
| | Freehill Hogan & Mahar, LLP | 212-425-1901 |
| | Michael E. Unger, Esq. | |
| | Lawrence J. Kahn, Esq. | |
| From: | Jeremy J.O. Harwood | |
| | Page 1 of | |
| Re: | HBC Hamburg Bulk Carriers GmBh & Co. KG v. Proteinas y Oleicos S.A. de C.V., 04 Civ 6884 (NRB) | |
| | Our Ref. No.: 101288-0001 | |

Dear Sirs:

    We refer to our fax of September 23, 2004. As stated therein, we advise that we were agents for service of process for Proteinas and had been authorized to accept service of a complaint that your client filed on August 25, 2004 and that, likewise, we had filed a notice of general appearance dated September 23, 2004 electronically that day. We therefore stated that any further attachments of amounts owing or belonging to Proteinas would be improper. Notwithstanding that express statement it appears that, pursuant to your continuing directions, an additional sum was attached on or about October 8, 2004 as stated by Prof. Schoenbaum in Admiralty and Maritime Law, § 19-12 at 1059 (4th ed. 1004):

> [Rule B] "[a]ttachment reaches only assets in the hands of the garnishee on the date of service [and] is not effective against after-acquired property."

268863.1

Page 2
October 19, 2004

The Second Circuit has made it explicitly clear that there is a "well-established prohibition against maritime attachments of after-acquired property." ContiChem LPA v. Parsons Shipping Co., Ltd., 229 F.3d 426, 433 (2d Cir. 2000) (citing Reibor International Ltd. v. Cargo Carriers (KACZ-CO), Ltd., et al., ("Reibor") 759 F.2d 262, 266 (2d Cir. 1985)). See also Clipper Shipping Co., Ltd. v. Unimarine Bulk Transport, Inc., 790 F. Supp. 56, 61 (D. Conn. 1992) (following Second Circuit's holding in Reibor "that Rule B attachments reach only property in possession of the garnishee at the time of the attachment").

In the circumstances, we would be grateful if you would agree to direct the garnishee that its attachment on or about October 8, 2004 is improper.

Thank you for your anticipated cooperation.

Very truly yours,

HEALY & BAILLIE, LLP

By *[signature]*
Jeremy J.O. Harwood

JJOH/rk

268863.1